**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| ANTONIO DEMOND RICHARDS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:11-738-RBH -JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| LEROY CARTLEDGE, MCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Antonio Demond Richards ("Richards"), is an inmate with the South Carolina Department of Corrections serving a sentence of sixteen years imprisonment for armed robbery with concurrent sentences of six years for assault with intent to kill and one year for leaving the scene of an accident. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 30, 2011. Respondent filed a return and motion for summary judgment on August 24, 2011. Because Richards is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 25, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Richards filed his response to Respondent's motion on October 4, 2011.

**Background and Procedural History**

On March 10, 2007, Richards and two others robbed a man in Spartanburg County, shot at him, and stole his vehicle. After fleeing the scene, they had a wreck and did not stop. They were arrested later. Richards was represented by William H. McPherson, Esquire. He pled guilty on November 4, 2008 with the understanding that his state sentence would run concurrent with a 120

month sentence he received in federal court on a related gun charge. (App. 3). Richards did not file a direct appeal.

Richards filed an application for post-conviction relief ("PCR") on March 20, 2009. (App. 17). An evidentiary hearing was held January 14, 2010. Richards was represented by Alexandria M. Wolf, Esquire. (App. 83). The PCR court filed an order of dismissal on February 10, 2010. (App. 54). A Johnson[1] petition for writ of certiorari was filed by the South Carolina Commission on Indigent Defense raising the following issue:

> Trial counsel erred in failing to subject the state's case to meaningful adversarial testing because he failed to investigate, research, and conduct discovery in order to prepare a defense on petitioner's behalf, which in turn resulted in petitioner's receipt of deficient legal representation so severe that prejudice was presumed.

Pursuant to state procedure, Richards filed a *pro se* brief raising the following issues:

> [1.] Trial counsel admitted that he did not conduct ant meaningful investigation into the case as required by Ard v. Catoe, (Supreme Court March 2007) in order to be able to advise his client that evidence existed that the victim gave a false name when initially reporting the alleged drug related offense.
>
> And that rendered his decision to plead guilty not "knowing and voluntary." Hill v. Lockhart, US Sup Ct. Gibson v. State 514 SE2d. 320 (1999).
>
> Clearly, the victim provided "false information to the police" at the time of the offense [that] was vital impeachment evidence that could have been used to attack his credibility. Petitioner had a 5, 6, [and] 14th Amend[.] right to know of the existence of this evidence in making his decision to plead [guilty]. Without this knowledge his guilty plea could not be "knowing and voluntarily entered" and his trial rights not knowing and voluntarily waived.
>
> [2.] It is doubtful the magistrate would have even signed the warrant had he known of the false statement (a crime) made under oath to establish probable cause to arrest. Napue v. Illinois (US Supreme Court)[.] Had counsel done his duty he would have moved to quash the arrest warrant, created a record of the false statement of [the] victim, and conducted investigation.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

> [3.] It is clear Defendant was denied any services of counsel pur. to <u>U.S. v. Cronic</u> 104 SCT 2038 (1984) and it is clear the resulting plea is involuntary as it was done without a full appreciation of the relevant defenses available: (ie counsel could have moved to suppress the arrest warrant based upon the use of false testimony to obtain probable cause)[.]

The petition for writ of certiorari was denied by the South Carolina Supreme Court on December 2, 2010. The Remittitur was returned on December 21, 2010.

### Grounds for Relief

In his present petition, Richards asserts he is entitled to a writ of habeas corpus on the following ground:

> **GROUND ONE**:   Ineffective Assistance of Counsel.
>
> **Supporting Facts**:   Trial counsel erred in failure to subject State case to meaningful adversarial testing because he failed to investigate, research, and conduct discovery in order to prepare a defense on petitioner's behalf which resulted in petitioner's receipt of deficient legal representation so severe that prejudice was presumed (U.S. v. Cronic).

### Discussion

Respondent concedes that Richards has exhausted his claim in state court because it was addressed by the PCR court and raised in the petition for writ of certiorari filed in the South Carolina Supreme Court.

Since Richards filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.), *cert.*

*denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

Richards asserts that his trial attorney was ineffective because he did not sufficiently investigate his case and develop a defense. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial. Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel. However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

Richards testified at the PCR hearing that had his attorney investigated the case he would have learned that the victim gave the investigating officers a false name, that of his brother, when he was questioned about the robbery because the incident was a "drug deal gone bad." He also testified that his attorney would have learned that there were criminal charges pending against the victim. According to Richards this was important because it would have lessened the victims' credibility if he had gone to trial. (App. 88-89). Richards also testified that his attorney failed to tell him that his co-defendants had negotiated pleas in return for their testimony against him at trial. (*Id.*)

The PCR court found that Richards failed to meet his burden of proof because he failed to present any evidence to support his speculative testimony. (App. 57).  Further, the court found trial counsel's testimony to be credible and that counsel received discovery and shared it with Richards. The alleged deficiencies to investigate about which Richards complains would have, at best, provided him with impeachment material related to the victim and co-defendants.  However, Richards gave a statement to the authorities after he was arrested in which he admitted his involvement in the crimes. He has not contested this statement.  Given the fact that he had confessed to the offenses, impeachment information would have had little consequence.

The analysis of the PCR court was not contrary to, or an unreasonable application of, the Strickland test.  It is, therefore, recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed**, without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
January 6, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).