IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Antonio Demond Richards, #310723, | ) | Civil Action No.: 3:11-738-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartledge, *M.C.I.*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his [Docket Entry 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on March 30, 2011. Petitioner is currently incarcerated at McCormick Correctional Institution in McCormick, South Carolina.

On August 24, 2011, Respondent filed his [Docket Entry 19] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 18]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 25, 2011, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. On September 30, 2011,[1] Petitioner filed his [Docket Entry 22] Response in Opposition to the summary judgment motion.

This matter is now before the court with the [Docket Entry 23] Report and Recommendation ("R & R") of United States Magistrate Judge Joseph R. McCrorey[2] filed on January 6, 2012. In his

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

R & R, the Magistrate Judge recommended that the court should grant Respondent's Motion for Summary Judgment. (R & R at 8.) Any objections to the R & R were due no later than January 23, 2012.[3] Petitioner failed to timely file any objections, as he did not file his [Docket Entry 25] Objections until January 24, 2012.[4]

## Habeas Grounds for Relief

In the present § 2254 Petition, Petitioner raised the following Ground for Relief:

**Ground One:** Ineffective Assistance of Counsel

  **Supporting Facts:** Trial Counsel erred in failing to subject state case to meaningful adversarial testing because he failed to investigate, research, and conduct discovery in order to prepare a defense on petitioners behalf which resulted in petitioners receipt of deficent [sic] legal representation so severe that prejudice was presumed (US v. Cronic)[.]

(§ 2254 Petition at 5.) For relief, Petitioner seeks the following: "Vacate state sentence [and] transfer to federal custody[;] or vacate conviction [and] transfer to federal custody[.]" (*Id.* at 14.)

## Standard of Review of Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may

---

[3] Specific written objections must be filed within fourteen (14) days of the date of service of the R & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).

[4] The court notes that it did not receive Petitioner's Objections until January 26, 2012, three days after the deadline for filing such objections had expired. However, it appears that the prison mailroom received the Objections on January 24, 2012, (*see* envelope [Docket Entry 25-1]), and therefore Petitioner's filing date under *Houston v. Lack* is January 24, 2012. Regardless, even using the *Houston v. Lack* filing date of January 24, 2012, Petitioner's Objections were still untimely filed.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Applicable Law**

I. <u>Habeas Corpus Standard</u>

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id* § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. In order to grant habeas relief under the "unreasonable application" clause, the court must determine that the state court's decision was not only incorrect, but also was "objectively unreasonable." *Id.* at 409-11.

## II. Ineffective Assistance of Counsel Claim

Claims of ineffective assistance of counsel are reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must first show that the performance of counsel was deficient or "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* In meeting the second prong, a petitioner must show prejudice, in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Where a defendant challenges a guilty plea based on ineffective assistance of counsel, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The Supreme Court has cautioned

4

that "the *Strickland* standard must be applied with scrupulous care," and that "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). Moreover, on federal habeas review of an ineffective assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* at 785. Therefore, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788.

**Discussion**

As noted above, Petitioner's Objections were untimely filed. Therefore, because Petitioner failed to timely file his objections, the court reviews the R & R "only [to] satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72, advisory committee's note). After conducting such a review and finding no clear error, the court shall adopt the Magistrate Judge's recommendation that Respondent's Motion for Summary Judgment should be granted.

Additionally, in light of the fact that Petitioner's Objections were filed only one (1) day late and in the interests of justice, the court has also reviewed *de novo* the portions of the R & R to which Petitioner objected. Upon review, the court notes that the Magistrate Judge accurately set forth the law applicable to Petitioner's ineffective assistance claim, including the law under *Strickland v. Washington*, 466 U.S. 668 (1984), and thoroughly summarized the facts relevant to that claim. The Magistrate Judge ultimately recommended dismissal of the § 2254 Petition. In his Objections, Petitioner makes little effort to demonstrate how the Magistrate Judge's findings are incorrect. Rather, the majority of his Objections appears to be nothing more than a reassertion of the

that "the *Strickland* standard must be applied with scrupulous care," and that "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). Moreover, on federal habeas review of an ineffective assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* at 785. Therefore, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788.

**Discussion**

As noted above, Petitioner's Objections were untimely filed. Therefore, because Petitioner failed to timely file his objections, the court reviews the R & R "only [to] satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72, advisory committee's note). After conducting such a review and finding no clear error, the court shall adopt the Magistrate Judge's recommendation that Respondent's Motion for Summary Judgment should be granted.

Additionally, in light of the fact that Petitioner's Objections were filed only one (1) day late and in the interests of justice, the court has also reviewed *de novo* the portions of the R & R to which Petitioner objected. Upon review, the court notes that the Magistrate Judge accurately set forth the law applicable to Petitioner's ineffective assistance claim, including the law under *Strickland v. Washington*, 466 U.S. 668 (1984), and thoroughly summarized the facts relevant to that claim. The Magistrate Judge ultimately recommended dismissal of the § 2254 Petition. In his Objections, Petitioner makes little effort to demonstrate how the Magistrate Judge's findings are incorrect. Rather, the majority of his Objections appears to be nothing more than a reassertion of the

ineffective assistance claim advanced in this case.[5] This court has carefully reviewed Petitioner's objections and conducted the required *de novo* review of Petitioner's claim. Having done so, the court is left with the firm conviction that the Magistrate Judge's recommended disposition of this claim is correct, and that Petitioner has failed to show that the state PCR judge's determination of his ineffective assistance of counsel claim was contrary to or an unreasonable application of federal law, or involved an unreasonable determination of the facts. Accordingly, Petitioner's Objections are overruled and the Magistrate Judge's recommendation to grant summary judgment in favor of Respondent is adopted.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

---

[5] The court does note that, in addition to the argument that Petitioner has advanced throughout this case (i.e., that his counsel was ineffective for failing to conduct a reasonable investigation of his case that would have led to impeachment material related to both the victim and his co-defendants), Petitioner now also argues, in his Objections, that his counsel was ineffective for failing to file a motion to suppress one of his statements and/or a motion to quash the indictment against him. (*See* Obj. at 2-3.) However, Petitioner fails to provide any further argument or evidence concerning this allegation. Thus, it is mere speculation based upon conclusory allegations. Not only has Petitioner not proven that counsel's performance was deficient for failing to file either of those motions, but Petitioner has also failed to affirmatively prove that the result of the proceeding would have been different but for the alleged deficient performance. "Claims of ineffective assistance of counsel are not shown by conclusory, speculative allegations." *Jackson v. United States*, 638 F. Supp. 2d 514, 581 (W.D.N.C. 2009) (citing *Walton v. Johnson*, 440 F.3d 160, 178 (4th Cir. 2006)).

**<u>Conclusion</u>**

Based on the foregoing, the court hereby overrules all of Petitioner's Objections, and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, it is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, and the § 2254 Petition is **DISMISSED**, without an evidentiary hearing.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
February 15, 2012